SINGER MANUF'G CO. (FLORENCE SEW-
ING–MACH. CO. v.). See Cases Nos. 4,-
884 and 4,885.

---

## Case No. 12,902.

### SINGER MANUF'G CO. v. LARSEN.

[3 Ban. & A. 246;[1] 8 Biss. 151; 13 Chi. Leg.
News, 59.]

Circuit Court, N. D. Illinois. · Feb., 1878.

TRADE NAME—DESIGNATING MECHANISM—INTENT
TO DECEIVE.

1. If a sewing-machine has acquired a name
which designates a mechanism or a peculiar
construction, parts of which are protected by
patents, other persons, after the expiration of
the patents, have the right to construct the ma-
chine and call it by that name, because that
only expresses the kind and quality of the ma-
chine.

[Cited in Singer Manuf'g Co. v. June Manuf'g
Co., 41 Fed. 212.]

2. There can be no trade-mark for the name
"Singer Sewing-Machine."

[Cited in Brill v. Singer Manuf'g Co., 41
Ohio St. 131.]

3. Although a person not connected with the
Singer Manufacturing Company would have the
right, after the patents have expired, to make
a Singer sewing-machine and call it by that
name, still, he would not be permitted to do
any act, the necessary effect of which would
be to intimate, or make any one believe, that
the machine which he constructs and sells is
manufactured by that company.

[Cited in Waterman v. Shipman, 130 N. Y.
311, 29 N. E. 111.]

[This was a bill in equity by the Singer
Manufacturing Company against Nels Lar-
sen.]

William H. King, for complainant.
W. B. Scates, for defendant.

DRUMMOND, Circuit Judge. Under the
evidence in this case, I think there can be no
doubt that the plaintiff cannot claim the exclu-
sive right to manufacture the "Singer Sewing-
Machine." All that it can claim is to make
a machine of its own peculiar manufacture,
with a device in the nature of a trade-mark.
Otherwise, after a patent has expired which
has established the nomenclature of a sewing-
machine, as the Howe patent, or the Wilson
patent, the patentee might go on and have the
benefit of the patent indefinitely.

On a machine called the "Singer Sewing-
Machine," there were various patents. These
patents have all expired, and nothing can,
therefore, be claimed under them. Other per-
sons cannot be prevented from manufacturing
a machine like the Singer sewing-machine,
and which may be called, to distinguish it
from other machines, "Singer's Sewing-Ma-
chine." If a sewing-machine has acquired a
name which designates a mechanism or a pe-
culiar construction, parts of which are protect-
ed by patents, other persons, after the expira-
tion of the patents, have the right to construct

[1] [Reported by Hubert A. Banning, Esq., and
Henry Arden, Esq., and here reprinted by per-
mission.]

the machine and call it by that name, because
that only expresses the kind and quality of the
machine. I have read the reports of the case
of the Singer Manuf'g Co. v. Wilson [Case No.
12,901], originally decided by the master of the
rolls in England, and afterward on appeal, in
the chancery division of the high court of jus-
tice, and again, on appeal from the latter court
to the house of lords, and I do not think it is
necessary to controvert the general rule there
laid down—that there must be something to
indicate that the thing manufactured is not the
same as that of the complainant, in other words,
to show it is not manufactured by the plaintiff.
That is, it is a question of manufacture, not
of name. A person could not claim a right to
construct a peculiar form of barrel as to di-
mensions and capacity merely, irrespective of
any marks or brands impressed upon it. That
of itself could not be a lawful trade-mark.
The same rule would be applicable to the con-
struction of a wagon or carriage, which, owing
to some peculiarity, might possess a particular
name, as that of the manufacturer. A man
might construct a wagon or carriage precisely
like it, and he would not be liable if he did
not claim in some form that it was constructed
by the manufacturer. The only principle upon
which an action can be sustained under such
circumstances, as I understand, is through a
trade-mark. If there were a valid trade-mark
called a "Singer Machine," then there would
be some force in the plaintiff's claim. Here
the plaintiff and the defendant have a trade-
mark somewhat similar, and if there is on the
machine manufactured by the plaintiff a valid
trade-mark to indicate that it is of the plain-
tiff's manufacture, no one else ought to be per-
mitted to put anything on his machine to show
that it has been manufactured by the plaintiff;
that is, to use the same trade-mark. It may
be the defendant has made his machine to imi-
tate the plaintiff's, and to induce people to be-
lieve that it is the same. But, as I have said,
I do not think, under the circumstances of this
case, there can be a trade-mark for the name
"Singer Sewing-Machine."

An illustration is furnished in the opinion of
the lord chancellor in the house of lords, in
the case already referred to. A carriage called
a "brougham" had been in very general use
for many years. If that were devised by a
man of the same name, so that, from its pe-
culiarity of construction, it was generally
known by that name, it certainly cannot be
claimed that the man who devised it, or his
assignees, would have a sole right to construct
a "brougham" for all time to come. If no pat-
ent existed upon it or any of its parts, any one
who has the requisite skill could construct just
such a "brougham" as was originally con-
structed. There could in such a case be no
trade-mark which the law would protect in the
name "brougham;" and I therefore do not
think that the opinion of the house of lords
can be construed to mean what is claimed by
the counsel of the plaintiff in this case. So
that, while I hold that the defendant is not

prevented from constructing a "Singer Sewing-Machine," still, he cannot be permitted to do any act, the necessary effect of which will be to intimate, or to make any one believe, that the machine which he constructs and sells is manufactured by the plaintiff. Neither has he the right to use any device which may be properly considered a trade-mark, so as to induce the public to believe that his machine has been manufactured by the plaintiff, and, therefore, I shall modify the injunction in this case by simply requiring the defendant to refrain from selling any Singer sewing-machines manufactured by any person or company other than the plaintiff, without indicating in some distinct manner that the said machines were not manufactured by the Singer Manufacturing Company.